# Exhibit A

**In The**
**CIRCUIT COURT OF MOBILE COUNTY**
**Mobile, Alabama**

**ANGELA SCOTT,** *pro se*
**401 W Grant Street**
**Chickasaw, Alabama 36611**

   **Plaintiff**

**v.**

              Civil Action No. $\underline{C\!V\text{-}17\text{-}40}$

**CITY OF MOBILE**
**c/o Lisa C. Lambert, City Clerk**
**205 Government Street**
**9th Floor Government Plaza**
**Mobile, Alabama 36644**

**MELISSA HOLLIS**
**2460 Government Street**
**Mobile, Alabama 36606**

**SAM COCHRAN**
**510 S. Royal Street**
**Mobile, Alabama 36603**

**JANE DOE**
**510 S. Royal Street**
**Mobile, Alabama 36603**

**ALABAMA SAFETY INSTITUTE, INC.**
**c/o Steve Scarcliff**
**Executive Director**
**3201 Midtown Park South**
**Mobile, Alabama 36606**

   **Defendants**

## COMPLAINT AND REQUEST FOR
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Angela Scott, proceeding *pro se,* submits to this Honorable Court the following

1

complaint against the defendants above and requests respectfully that judgment indicated below be entered against them. For her complaints and requests for declaratory and injunctive relief, plaintiff states the following:

**Parties**

1.    The Plaintiff, Angela Scott, is over the age of nineteen (19) years, a resident and citizen of the state of Alabama, and resides at 401 W Grant Street, Chickasaw, Alabama 36611.

2.    The Defendant, City of Mobile ("City"), is a municipal corporation organized pursuant to Code of Alabama § 11-40-1 *et seq.* Plaintiff filed a claim form with the City Clerk's office pursuant to Alabama Code §§ 11-47-23 and 11-47-192 on or about August 31, 2015 regarding all matters alleged in this complaint.

3.    The Defendant, Melissa Hollis ("Hollis"), is over the age of nineteen (19) years and was a police officer for the City acting in the line and scope of her position at all material times relevant to this complaint and is being sued in her individual capacity and in her official capacity as a police officer with the City.

4.    The Defendant, Sam Cochran ("sheriff"), was the sheriff of Mobile County charged with operating the Mobile county metro jail ("metro jail") and its day-to-day operations, including supervision and training, at all material times relevant to this complaint, and is being sued in his official and individual capacity.

5.    The Defendant, Jane Doe (a fictitious name in place of real name that is presently unknown), is over the age of nineteen (19) years and was a female jailer for the metro jail acting in the line and scope of her position at all material times relevant to this complaint and is being sued in her individual capacity and in her official capacity as a jailer with the sheriff's

department.

6.      The Defendant, Alabama Safety Institute, Inc. ("ASI"), was a non-profit business organized and operating under the laws of the state of Alabama at all material times relevant to this complaint.

**Allegations**

7.      That in or around June 2014, pursuant to a ticket given plaintiff for speeding by the City's police department, plaintiff attended a hearing at the City's municipal court regarding the ticket and was permitted by the court to attend a 6 hour driver education course with ASI.

8.      That ASI and the City's municipal court have a mutual joint agreement and partnership for ASI to provide driver improvement courses or the like as directed by the court to guilty defendants authorized by the court to attend such courses in lieu of paying a fine and avoiding any adverse effects to their driving record; and for ASI to promptly report electronically course completions or in-completions for those guilty defendants directly to the municipal court clerk.

9.      That the municipal court magistrate informed plaintiff and other similarly situated defendants at the said hearing who desired to attend the course with ASI that upon successful completion of the course they did not have to return to court and that ASI notifies the court directly about the status of defendants' course completion.

10.     That plaintiff paid ASI a user fee in an amount that it set in consultation with Alabama's Administrative Office of Courts and the municipal court; and plaintiff attended and successfully completed the driver education course in June 2014 and at the conclusion of the course, the instructor, acting on behalf of ASI in the course and scope of his employment,

3

promised plaintiff that certification of her successfully completing the course would be immediately provided by ASI to the municipal court and that she was not required to return to court nor to independently provide such certification to the court.

11.     That ASI's instructor made the promises to plaintiff mistakenly, or without knowing or caring whether the representations would happen or not.

12.     That plaintiff relied on the promises made by ASI's instructor.

13.     That ASI failed to immediately and or timely notify the municipal court that plaintiff had completed the driver education course as promised by its instructor.

14.     That ASI failed to properly report, and the municipal court clerk failed to properly and or timely record on the court's record, that plaintiff had successfully completed the driver education course.

15.     That as a result of the failure of the municipal court's record to accurately reflect that plaintiff had completed the driver education course, an arrest warrant was issued without cause, probable or otherwise, for her arrest soon thereafter.

16.     That on April 20, 2015 around 8:00 am plaintiff was involved in a vehicle accident at an on-ramp from Dauphin Island Parkway onto Interstate 10 in Mobile in which the car she was driving was severely damaged, totaled and destroyed and during which her right wrist and arm were bruised and injured.

17.     That Mobile police department was called to investigate the accident and in connection with the accident, police officer Corey O. Hunter ("officer Hunter") arrived at the scene and ran a check on plaintiff's identity and discovered the outstanding arrest warrant for speeding.

4

18.    That officer Hunter called for a female police officer to come to the scene whereupon defendant, officer Hollis, arrived at the scene.

19.    That officers Hunter and Hollis obtained further background information on plaintiff at the scene and discovered a prior conviction related to unlawful control substance after which their demeanor and attitude shifted dramatically towards plaintiff to one of being aggressive, suspect of her and accusatory.

20.    That officer Hollis asked plaintiff if she had any illegal drugs on her or in her car and she said no at which point plaintiff, having just recognized the shift in the officers' attitude towards her, was becoming concerned that officer Hollis was preparing to search her person for drugs anyway.

21.    That plaintiff pleaded with officer Hollis to check out the status of the arrest warrant and that its issuance was a mistake because she had successfully completed the driver education course authorized by the municipal court to clear up the speeding ticket, but at that point it became clear to plaintiff that officer Hollis' sole focus was on whether plaintiff had illegal drugs in her possession.

22.    That officer Hollis acted maliciously and in bad faith when she deliberately refused plaintiff's post-arrest request to investigate and never investigated the validity of the arrest warrant and when she, without cause, probable or otherwise, kept her focus on whether or not plaintiff had illegal drugs on her or in her car and told plaintiff that she was gonna go to jail.

23.    That plaintiff informed officer Hollis that she needed medical attention for her injured wrist and arm because she was in severe pain.

24.    That officer Hollis seemed to plaintiff to be agitated about her request for medical

5

attention and flatly refused plaintiff's request for medical attention and reiterated to her that she was gonna go to jail.

25.     That officer Hollis instructed plaintiff to turn around and face her damaged car and place both of her hands on top of the car and to spread her legs so that officer Hollis could search her person.

26.     That plaintiff again complained to officer Hollis about the severe pain she was experiencing in her right wrist and arm and that it was difficult for her to hold up her arm on the car.

27.     That officer Hollis, without cause, probable or otherwise, and without plaintiff's permission or a search warrant, patted down plaintiff's person from top to bottom, ran her hands through plaintiff's hair and violently shook plaintiff's head and hair and then, without warning, pulled up her shirt well above her breasts and pulled out and up on her brassiere ("bra") and with her hands violently shook plaintiff's naked exposed breasts repeatedly searching for illegal drugs while the male officer Hunter and passersby looked on and in plain and open view on the roadside, all of which was done with malice, beyond her authority and based on an erroneous interpretation of the law.

28.     That officer Hollis, without cause, probable or otherwise, and without plaintiff's permission or a search warrant, searched plaintiff's damaged car for drugs and impounded the car.

29.     That plaintiff complained to officer Hollis about exposing her person in that manner and officer Hollis reiterated to her that she was gonna go to jail.

30.     That officer Hollis instructed plaintiff to put her hands behind herself so that she

could be handcuffed and plaintiff complained again that that was difficult to do because of the severe pain in her injured right wrist and arm.

      31.    That officer Hollis maliciously and in bad faith grabbed and forced plaintiff's injured wrist and arm behind her and tightly handcuffed her whereupon plaintiff complained to officer Hollis that the cuffs were too tight on her injured wrist and that she was extremely uncomfortable and in excruciating pain in her right wrist and arm.

      32.    That officer Hollis put plaintiff in the back seat of her police cruiser putting further pressure on her injured right wrist and arm that was tightly handcuffed behind her pressed between her upper body and the back seat cushion and that pressure caused a fracture of plaintiff's right wrist and a sharp shooting pain in her right arm.

      33.    That officer Hollis forced plaintiff to ride in severe pain with her tightly handcuffed fractured wrist and arms wedged between her upper body and back seat cushion of the police cruiser to the metro jail.

      34.    That officer Hollis intentionally and maliciously drove and operated the police cruiser without any regard for the pain plaintiff suffered and repeatedly complained about to her; and during the ride to the metro jail the bumps and uneven driving surfaces officer Hollis intentionally drove over caused the police cruiser to repeatedly jar and jerk back and forth further wedging and pressuring plaintiff's tightly handcuffed fractured wrist and arm between her upper body and back seat cushion.

      35.    That officer Hollis' deliberate indifference, malice and bad faith towards plaintiff manifested itself by her dramatic shift in attitude towards and interaction with plaintiff upon learning about plaintiff's prior conviction related to illegal drugs, by her asking plaintiff if she

had any illegal drugs in her possession when the warrant concerned only a minor traffic offense,

by her ignoring plaintiff's repeated complaints about the pain she was experiencing and refusing

to attend to plaintiff's repeated medical treatment requests, by her forcibly handcuffing plaintiff's

injured right wrist and arm squeezing the handcuffs as tightly as she could on plaintiff's wrists,

by her forcing plaintiff to sit in the police cruiser with wrists and arms handcuffed behind her

causing a fracture of plaintiff's right wrist, and by the reckless manner in which she drove the

police cruiser over uneven road surfaces causing plaintiff to jerk about in the back seat further

pressuring her tightly handcuffed and injured right wrist and arm while in route to the metro jail.

    36.    That upon arrival at metro jail plaintiff's person was searched again this time by

Jane Doe who, acting on behalf of the sheriff in the course and scope of her employment and

without cause, probable or otherwise, and without plaintiff's permission or a search warrant,

performed a pat-down of her and pulled up her shirt and performed a hand search of her breast

area for illegal drugs by pulling her bra out and up and violently shaking her breasts, all of which

was done with malice, beyond her authority, based on an erroneous interpretation of the law and

pursuant to the sheriff's polices, customs and practices of routinely strip searching every arrestee

or detainee upon their arrival at the jail facility.

    37.    That plaintiff was never intermingled with the general population at metro jail and

the traffic offense for which she was arrested and detained was not the type of offense commonly

associated with weapons or drugs.

    38.    That plaintiff posted a $1,000.00 bond and was released later that same day on

April 20, 2015, but was never provided medical treatment while in custody.

    39.    That following her release plaintiff sought immediate medical attention for her

injured right wrist and arm at the emergency room of Providence Hospital.

40. That the hospital's treating physician informed plaintiff that she had a fractured right wrist.

41. That the hospital conducted x-rays of plaintiff's injured right wrist and arm, placed a cast on her right wrist and arm, and prescribed medications to treat the injury and pain.

42. That plaintiff has had subsequent visits to the doctor for treatment and monitoring of the progress of her injured right wrist and arm.

43. That plaintiff continues to suffer pain and limited mobility in her right wrist and arm and is unable to perform simple tasks that involve the use of her right wrist and arm.

44. That plaintiff has suffered permanent damage to her right wrist as a result of the fracture caused by the negligent acts of officer Hollis.

45. That the City and sheriff failed to properly supervise and or train officers Hollis and Jane Doe about the need for a search warrant before strip searching the person of a detainee or arrestee, like plaintiff, without probable cause and without permission; alternatively, the City and its police department and the metro jail had blanket policies, customs and practices of strip searching all detainees and arrestees, including non-misdemeanor detainees and arrestees, as part of metro jail's standard intake process without probable cause and without a search warrant or permission upon their arrival at metro jail.

46. That within a couple days of bonding out of metro jail, plaintiff went to ASI and the municipal court clerk's office to get the arrest warrant matter resolved.

47. That ASI and the municipal court clerk's office joined, combined and conspired to fabricate, and did fabricate, and concoct a story line that neither of them was to blame for

9

plaintiff's course completion certification not being recorded in the court's record.

48.    That ASI and the municipal court clerk's office joined, combined and conspired in discussions over the telephone, after plaintiff had complained to each of them separately, to blame one another for the failure to record the certification so that plaintiff would not discover which one had failed.

49.    That ASI and the municipal court clerk's office combined and mutually agreed that the clerk's office would immediately record the course certification in the court's record and recall the arrest warrant and that each would inform plaintiff that the arrest warrant had been recalled if plaintiff made any further inquiry with either of them about the matter.

## COUNT I

### (Breach of Implied Contract/Legal Fraud/Deceit/Misrepresentation)

50.    Plaintiff avers that, based on the foregoing allegations, she and defendant ASI entered into an implied contract for ASI to administer the driver education course to her and to report her successful completion of the course directly to the municipal court clerk in exchange for her payment of the user fee charged for the course.

51.    Plaintiff avers that, based on the foregoing allegations, defendant ASI, through its instructor, willfully and intentionally represented to plaintiff that notification of her course completion would be immediately provided to the municipal court mistakenly or without regard to whether the representation was true or not and without regard to whether that notification would occur as promised.

52.    As a direct and proximate consequence of ASI's failure to fulfill its promise, it breached the implied contract for services that caused an arrest warrant to be issued for plaintiff's

arrest and caused a malicious prosecution and her to be detained in metro jail.

53.    As a direct and proximate consequence of the said promise, plaintiff's reliance on said promise, and failure of ASI to fulfill the promise, an arrest warrant without cause, probable or otherwise, was issued for her arrest and she was falsely arrested and detained.

54.    As a direct and proximate consequence of ASI's misrepresentation of fact to plaintiff, made recklessly, without knowledge or mistakenly by ASI and its course instructor, on which plaintiff justifiably relied to her detriment, caused her to be maliciously prosecuted, and ASI committed fraud, deceit and misrepresentation against plaintiff in violation of Alabama law.

55.    As a direct and proximate consequence of the misrepresentation, malicious prosecution and of being detained, plaintiff suffered emotional and psychological and trauma, embarrassment and humiliation.

## COUNT II

### (Negligence/Wantonness)

56.    Plaintiff avers that defendant ASI, based on the foregoing allegations, negligently and or wantonly failed to perform its duty promised to plaintiff and failed to performed under the agreement and understanding between it and the municipal court for the timely and prompt reporting and recording of the course completions to and by the municipal court for defendants (including for plaintiff) authorized by the municipal court to attend such course.

57.    As a direct and proximate consequence of the negligence and or wantonness of defendant ASI, an arrest warrant without cause, probable or otherwise, was issued for plaintiff's arrest and she was maliciously prosecuted and detained.

58.    As a direct and proximate consequence of the malicious prosecution and of being

11

detained, plaintiff suffered emotional and psychological trauma, embarrassment and humiliation.

## COUNT III

### (Negligence/Wantonness)

59.     Plaintiff avers that the municipal court clerk, based on the foregoing allegations, negligently and or wantonly failed to perform the ministerial duty to record and properly record accurately in the municipal court's record notification of plaintiff's completion of the driver education course.

60.     Plaintiff avers that the City, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of the municipal court clerk in failing to perform said ministerial act of recording and in concealing same.

61.     As a direct and proximate consequence of the negligence and or wantonness of the municipal court clerk, an arrest warrant without cause, probable or otherwise, was issued for plaintiff's arrest and she was maliciously prosecuted and detained.

62.     As a direct and proximate consequence of the malicious prosecution and of being detained, plaintiff suffered emotional and psychological trauma, embarrassment and humiliation.

## COUNT IV

### (Malicious Prosecution)

63.     Plaintiff avers that actions of ASI and the municipal court clerk, based on the foregoing allegations, in failing to report and record plaintiff's successful completion of the driver education course, caused the warrant to be issued for her arrest without cause, probable or otherwise, caused her to be falsely detained and jailed, and caused her to have to post a $1,000.00 bond to get out of jail.

64.     Plaintiff avers that the actions of ASI and the municipal court clerk, based on the foregoing allegations, in causing the arrest warrant to issue forced plaintiff back into a court proceeding that terminated with their agreement to cause the warrant to be recalled.

65.     Plaintiff avers that officer Hollis, based on the foregoing allegations, in refusing to investigate plaintiff's contention that the warrant was a mistake, and in arresting, detaining and jailing her, knew and had reasons to know that there was no cause, probable or otherwise, for the warrant.

66.     As a direct and proximate consequence of causing the arrest warrant to issue, plaintiff's subsequent arrest and jailing, and having to post bond to be released from jail, plaintiff was subjected to a malicious prosecution in violation of her rights protected by the Fourth Amendment as enforced against state actors under the Fourteenth Amendment of the United States Constitution and violated Section 5 of the Alabama Constitution.

67.     As a direct and proximate consequence of causing the arrest warrant to issue and plaintiff's subsequent arrest and jailing, plaintiff was subjected to a malicious prosecution in violation of her rights protected under Alabama law.

## COUNT V

### (Conspiracy and Due Process)

68.     Plaintiff avers that ASI and the municipal court clerk, based on the foregoing allegations, jointly combined and caused an arrest warrant without cause, probable or otherwise, to issue for plaintiff's arrest and to cover up their failure to report and record plaintiff's successful course completion which resulted in the warrant being issued for her arrest.

69.     Plaintiff avers that ASI and the municipal court clerk, based on the foregoing

13

allegations, caused the arrest warrant to issue for plaintiff's arrest and being detained after the

municipal court magistrate informed her that she did not have to return to court upon successful

completion of the course in violation of her right to notice and opportunity for a hearing about

the basis for the arrest warrant.

70.     Plaintiff avers that the City, based on the foregoing allegations, is directly

responsible for the neglect, carelessness and unskillfulness of the municipal court clerk in

joining, combining and conspiring with ASI to coverup their failure to properly record plaintiff's

course completion in the municipal court's record and to conceal the failure from plaintiff.

71.     As a direct and proximate consequence of ASI's and the municipal court clerk's

failure and subsequent combination and conspiracy to coverup the failure by agreeing to blame

each other to the plaintiff if she inquired with either or the other and to quietly recall the arrest

warrant, plaintiff was denied procedural due process in violation of the Fifth Amendment of the

United States Constitution as enforced against state actors acting under color of state law under

the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, and in violation of Section 6 of the

Constitution of Alabama.

72.     As a direct and proximate consequence of ASI's and the municipal court clerk's

failure and subsequent combination and conspiracy to initially coverup and later correct the

failure, they created a constitutionally inadequate procedural quagmire from which plaintiff had

no legal recourse in the municipal court or right to appeal to a higher state court which caused

plaintiff to be unlawfully arrested and detained in violation of her substantive due process rights

protected under the Fifth Amendment of the United States Constitution as enforced against state

actors acting under color of state law under the Fourteenth Amendment pursuant to 42 U.S.C. §

14

1983, and under Section 6 of the Constitution of Alabama.

73.     As a direct and proximate consequence of ASI's and the municipal court clerk's failure and subsequent combination and conspiracy to initially coverup and later correct the failure, and to conceal the failure from plaintiff, ASI and the City deterred plaintiff from attending and participating in the municipal court or appellate court in order to clear up arrest warrant and to expose their failures in violation of 42 U.S.C. § 1985(2) and for their failure to stop the combination and conspiracy in violation of 42 U.S.C. § 1986.

## COUNT VI

### (Invasion of Privacy and Negligent Supervision/Training)

74.     Plaintiff avers that defendant, officer Hollis, based on the foregoing allegations, intentionally, recklessly, and with neglect, carelessness and unskillfullness, interfered with plaintiff's solitude and seclusion in her person and bodily integrity when officer Hollis, without plaintiff's permission, without cause, probable or otherwise, and without a search warrant, ran her hands through plaintiff's hair and violently shook her head and hair, and then abruptly pulled up her shirt and bra, exposed and with her hands violently shook plaintiff's breasts searching for illegal drugs, openly and notoriously in public view on side of the road, and in the presence of male officer Hunter and in the plain view of passersby traveling past the accident scene on the exit ramp to I-10 and on I-10.

75.     Plaintiff avers that defendant, Jane Doe, based on the foregoing allegations, intentionally, recklessly, and with deliberate indifference, interfered with plaintiff's solitude and seclusion in her person and bodily integrity when Jane Doe, without plaintiff's permission and without a search warrant, abruptly pulled up her shirt and bra, exposed and with her hands

violently shook plaintiff's breasts searching for illegal drugs.

76.    Plaintiff avers that officer Hollis, based on the foregoing allegations, knew or had reason to know that the roadside public strip search of plaintiff in the presence of officer Hunter and passersby without cause, probable or otherwise, without a search warrant and without her permission was unlawful.

77.    Plaintiff avers that Jane Doe who stripped searched plaintiff when she arrived at metro jail, based on the foregoing allegations, knew or had reason to know that the strip search done without cause, probable or otherwise, without a search warrant and without plaintiff's permission was unlawful.

78.    Plaintiff avers that the City, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of officer Hollis in performing said public strip search of plaintiff.

79.    Plaintiff avers that the sheriff, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of Jane Doe in performing said strip search of plaintiff after she arrived at metro jail.

80.    Plaintiff avers that the City and sheriff, based on the foregoing allegations, failed to properly train and supervise officers Hollis and Jane Doe about when and how to perform a strip search of a detainee or arrestee that met constitutional standards, and that they were negligent in such supervision and training, and negligent in having as their policies, customs and practices within the police and sheriff departments authorizing department employees to engage in such practices.

81.    As a direct and proximate result of said unlawful public strip search by officer

16

Hollis, plaintiff was publicly humiliated, embarrassed, shamed, and emotionally and psychologically traumatized.

82.     As a direct and proximate result of said unlawful strip search at metro jail by Jane Doe, plaintiff was further humiliated, embarrassed, shamed, and emotionally and psychologically traumatized.

83.     As a direct and proximate result of the City's and sheriff's negligent training and supervision of officers Hollis and Jane Doe on strip searches, and of its policies, customs and practices to strip search every detainee and arrestee, plaintiff was publicly humiliated, embarrassed, shamed, and emotionally and psychologically traumatized.

## COUNT VII

### (Assault and Battery)

84.     Plaintiff avers that, based on the foregoing allegations, officer Hollis' running of her hands through plaintiff's hair and violently shaking her head and hair, and then rudely grabbing and pulling up plaintiff's shirt above her breasts, grabbing and pulling out and up her bra, and then with her hands violently shaking plaintiff's exposed breasts in search of illegal drugs without cause, probable or otherwise, without a search warrant and without her permission was unlawful and an excessive use of force and abuse of authority that was done with neglect, carelessness and unskillfullness.

85.     Plaintiff avers that, based on the foregoing allegations, Jane Doe's rudely grabbing and pulling up of plaintiff's shirt above her breasts, grabbing and pulling out and up her bra, and then with her hands violently shaking plaintiff's exposed breasts in search of illegal drugs without cause, probable or otherwise, without a search warrant and without her permission was

unlawful and an excessive use of force and abuse of authority that was done with neglect, carelessness and unskillfullness.

86.     Plaintiff avers that, based on the foregoing allegations, officer Hollis' handcuffing her injured right wrist and arm as tight around the wrists as the handcuffs could adjust after she repeatedly complained about the excruciating pain in her wrist and arm, officer Hollis putting her in the back seat of her police cruiser with her hands tightly cuffed behind her and wedged between her back and the back seat cushion of the police cruiser caused plaintiff's right wrist to fracture while refusing her repeated requests for medical attention was an excessive use of force and abuse of authority that was done with neglect, carelessness and unskillfullness.

87.     Plaintiff avers that the City, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of officer Hollis for her assaults and batteries of plaintiff.

88.     Plaintiff avers that the sheriff, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of Jane Doe for her assault and battery of plaintiff.

89.     As a direct and proximate result of said excessive force and unlawful grabbing and violent shaking of plaintiff's head and hair and of her exposed breasts and fracturing of her wrist by officer Hollis, she was negligently assaulted and battered, and was publicly humiliated, embarrassed, shamed, and emotionally and psychologically traumatized, and inflicted with severe and excruciating pain in her right wrist and arm.

90.     As a direct and proximate result of said excessive force and unlawful grabbing and violent shaking of plaintiff's exposed breasts by Jane Doe, she was negligently assaulted and

battered, and was further humiliated, embarrassed, shamed, and emotionally and psychologically traumatized.

## COUNT VIII

### (Negligence/Wantonness)

91.     Plaintiff avers that officer Hollis, based on the foregoing allegations, negligently and or wantonly refused to attend to plaintiff's injuries caused during the accident investigation and rejected her repeated requests for medical treatment.

92.     Plaintiff avers that officer Hollis, based on the foregoing allegations, negligently and or wantonly refused to investigate plaintiff's claim that the warrant was a mistake because she had successfully completed the driver education course as ordered by the municipal court.

93.     Plaintiff avers that the City, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of officer Hollis' rejection of plaintiff's repeated requests for, and failure to call for, medical treatment for plaintiff's injuries at the scene of the accident, including the fracture of her right wrist officer Hollis inflicted on plaintiff.

94.     Plaintiff avers that the City, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of officer Hollis' rejection of plaintiff's claim that the warrant was a mistake.

95.     As a direct and proximate consequence of the negligence and or wantonness of officer Hollis, plaintiff was maliciously prosecuted and detained.

96.     As a direct and proximate consequence of the malicious prosecution and of being detained, plaintiff suffered emotional and psychological trauma, embarrassment and humiliation.

97.    As a direct and proximate consequence of officer Hollis' refusal to attend to or call for medical assistance to treat plaintiff's injuries, plaintiff was forced to endure much of the day in excruciating and severe pain in her right wrist and arm.

## COUNT IX

### (Intentional Infliction of Emotional Distress)

98.    Plaintiff avers that, based on the foregoing allegations, officer Hollis' running of her hands through plaintiff's hair and grabbing and violently shaking her head and hair, and then rudely grabbing and pulling up plaintiff's shirt above her breasts, grabbing and pulling out and up her bra, and then violently shaking her exposed breasts in search of illegal drugs without cause, probable or otherwise, without a search warrant and without her permission on a public roadside in the presence of male officer Hunter and passersby was outrageous, extreme and beyond bounds of human decency that was intended to intimidate and coerce plaintiff into admitting that she had drugs in her possession (which she did not) and was done purposely with neglect, carelessness and unskillfullness, and was based on a mistaken interpretation of law.

99.    Plaintiff avers that, based on the foregoing allegations, Jane Doe's rudely grabbing and pulling up of plaintiff's shirt above her breasts, grabbing and pulling out and up her bra, and then violently shaking her exposed breasts in search of illegal drugs without cause, probable or otherwise, without a search warrant and without her permission was outrageous, extreme and beyond bounds of human decency that intended to intimidate and coerce plaintiff into admitting that she had drugs in her possession (which she did not) and was done purposely with neglect, carelessness and unskillfullness, and was based on mistaken interpretation of law.

100.    Plaintiff avers that, based on the foregoing allegations, officer Hollis' rudely

grabbing and handcuffing plaintiff's injured right wrist and arm and causing the fracture of her wrist was outrageous, extreme and beyond bounds of human decency and was done purposely with neglect, carelessness and unskillfullness, and was based on mistaken interpretation of law.

101.   Plaintiff avers that the City, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of officer Hollis for running her hands throug plaintiff's hair, for grabbing and violently shaking plaintiff's head and hair, and for her exposing and violently shaking plaintiff's breasts in search of illegal drugs without cause, probable or otherwise, without a search warrant and without her permission in public and attempting to intimidate her into admitting that she had drugs in her possession.

102.   Plaintiff avers that the City, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of officer Hollis for rudely grabbing plaintiff's injured right wrist and arm and handcuffing them behind her back as tightly as she could, for forcing plaintiff to sit in the back seat of her police cruiser with her handcuffed arms wedged between her back and the back seat cushion of the police cruiser, and for causing the fracture of plaintiff's right wrist.

103.   Plaintiff avers that the sheriff, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness of Jane Doe, acting on his behalf, for her exposing and violently shaking plaintiff's breasts in search of illegal drugs without cause, probable or otherwise, without a search warrant and without her permission and in an attempt to intimidate her into admitting that she had drugs in her possession.

104.   As a direct and proximate result of said excessive force and unlawful grabbing and violent shaking of plaintiff's head and hair, and exposed breasts by officer Hollis, she was

publicly humiliated, embarrassed, shamed, and emotionally and psychologically traumatized, and intentionally inflicted with severe emotional distress and mental anguish that manifested itself as suffering from sleeplessness, nightmares and stress.

105.    As a direct and proximate result of said excessive force and unlawful grabbing and handcuffing plaintiff's injured right wrist and arm as tight as the handcuffs could be tightened, and causing the fracture of her wrist, plaintiff was emotionally and psychologically traumatized, and intentionally inflicted with severe emotional distress and mental anguish that manifested itself as suffering from stress about whether she would ever regain full mobility and use of her right wrist.

106.    As a direct and proximate result of said excessive force and unlawful grabbing and violent shaking of plaintiff's exposed breasts by Jane Doe, she was further humiliated, embarrassed, shamed, and emotionally and psychologically traumatized, and intentionally inflicted with severe emotional distress and mental anguish that manifested itself as suffering from sleeplessness, nightmares and stress.

## COUNT X

### (Unreasonable Search and Unreasonable Seizure)

107.    Plaintiff avers that officer Hollis, based on the foregoing allegations, unreasonably strip searched plaintiff on the roadside for illegal drugs without cause, probable or otherwise, without a search warrant, and without her permission, and did so pursuant to the police department's strip search policies, customs and practices to which the City acquiesced.

108.    Plaintiff avers that Jane Doe, based on the foregoing allegations, unreasonably strip searched plaintiff for illegal drugs immediately upon her arrival at metro jail on behalf of

22

the metro jail without cause, probable or otherwise, without a search warrant, and without her

permission, and did so pursuant to the metro jail's strip search policies, customs and practices to

which the sheriff acquiesced.

109.   Plaintiff avers that officers Hollis and Jane Doe, based on the foregoing

allegations, performed the said strip searches pursuant to the City's and metro jail's arbitrary

policies, customs and practices of strip searching all detainees and arrestees taken into custody

and or brought to the metro jail.

110.   Plaintiff avers that the City, sheriff, Hollis and Jane Doe, based on the foregoing

allegations, knew or had reason to know that strip searching plaintiff upon being unlawfully

arrested for a non-misdemeanor speeding violation without a search warrant and without her

permission was unreasonable and violated the Fourth Amendment as enforced against state

actors under the Fourteenth Amendment of the United States Constitution and violated Section 5

of the Alabama Constitution.

111.   Plaintiff avers that the City, based on the foregoing allegations, knew or had

reason to know that its blanket policies, customs and practices of strip searching every detainee

or arrestee, regardless of the reasons for the arrest, without cause, probable or otherwise, without

a search warrant and without their permission was unreasonable and violated the Fourth

Amendment as enforced against state actors under the Fourteenth Amendment of the United

States Constitution and violated Section 5 of the Alabama Constitution.

112.   Plaintiff avers that the City and defendant Hollis, based on the foregoing

allegations, knew or had reason to know that it was unreasonable and unlawful to seize, impound

and search plaintiff's car for illegal drugs without cause, probable or otherwise, without a search

23

warrant and without plaintiff's permission.

113.    Plaintiff avers that defendant Hollis, based on the foregoing allegations, ignored

plaintiff's plea to verify the accuracy of the warrant and knew or had reason to know that her

arrest and seizure of plaintiff and her car was unlawful.

114.    Plaintiff avers that the City, based on the foregoing allegations, is directly

responsible for the neglect, carelessness and unskillfulness of officer Hollis' unreasonable and

unlawful search of plaintiff without a search warrant and without her permission that was based

on its said policies, practices and customs, and on its lack of training and negligent supervision

of them.

115.    Plaintiff avers that the sheriff, based on the foregoing allegations, is directly

responsible for the neglect, carelessness and unskillfulness of Jane Doe's unreasonable and

unlawful search of plaintiff, without cause, probable or otherwise, without a search warrant and

without her permission and because the search was based on the metro jail's said policies,

practices and customs to which the sheriff acquiesced, and occurred due to the sheriff's its lack of

training to jailers and his negligent supervision of them.

116.    As a direct and proximate result of City's and metro jail's policies, customs and

practices, plaintiff was unreasonably and unlawfully searched in violation of the Fourth

Amendment as enforced against state actors under the Fourteenth Amendment of the United

States Constitution pursuant to 42 U.S.C. § 1983, and in violation of Section 5 of the Alabama

Constitution.

117.    As a direct and proximate result of officer Hollis conducting a strip search of

plaintiff for illegal drugs, she was unreasonably and unlawfully searched in violation of the

24

Fourth Amendment as enforced against state actors under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and in violation of Section 5 of the Alabama Constitution.

118.   As a direct and proximate result of Jane Doe conducting a strip search of plaintiff for illegal drugs, she was unreasonably and unlawfully searched in violation of the Fourth Amendment as enforced against state actors under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and in violation of Section 5 of the Alabama Constitution.

119.   As a direct and proximate result of officer Hollis conducting a search of plaintiff's vehicle for illegal drugs, it was unreasonably and unlawfully searched, seized and impounded in violation of the Fourth Amendment as enforced against state actors under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and in violation of Section 5 of the Alabama Constitution.

## COUNT XI

### (Deliberate Indifference/Unreasonable Seizure)

120.   Plaintiff avers that officer Hollis, based on the foregoing allegations, acted with neglect, carelessness and unskillfulness when she repeatedly refused to address plaintiff's repeated requests for medical treatment for her injured right wrist and arm and was deliberately indifferent to such requests and in fact responded to each such request by telling plaintiff that she was gonna go to jail.

121.   Plaintiff avers that officer Hollis, based on the foregoing allegations, was deliberately indifferent to her repeated requests for medical attention for her injured right wrist

and arm and in fact forcibly handcuffed her and intentionally clamped the handcuffs on her injured wrist as tight as they could be tightened after which plaintiff complained that the handcuffs were too tight and causing an escalation and intensification of the pain in her injured wrist and arm.

122.    Plaintiff avers that officer Hollis, based on the foregoing allegations, strip searching pursuant to the City's policies, customs and practices, was deliberately indifferent to grabbing and violently shaking plaintiff's head and hair and to intentionally exposing and violently shaking plaintiff's breasts in search of illegal drugs on the road side and in front of male officer Hunter and passersby without cause, probable or otherwise, and without a search warrant or plaintiff's permission.

123.    Plaintiff avers that Jane Doe, based on the foregoing allegations, strip searching pursuant to the metro jail's policies, customs and practices, was deliberately indifferent to intentionally exposing and violently shaking plaintiff's breasts in search of illegal drugs without cause, probable or otherwise, and without a search warrant or plaintiff's permission.

124.    Plaintiff avers that the City, based on the foregoing allegations, is directly responsible for the neglect, carelessness and unskillfulness in the excessive and unreasonable use of force by officer Hollis for her exposing and violently shaking plaintiff's head and hair and her breasts in search of illegal drugs, without cause, probable or otherwise, and without a search warrant or plaintiff's permission, in public and attempting to intimidate her into admitting that she had drugs in her possession, all done pursuant to the City's said policies, customs and practices; and for refusing to attend to plaintiff's repeated requests for medical attention, for forcing plaintiff to endure severe pain in her right wrist and arm, and for causing the fracture of

plaintiff's right wrist.

125.    Plaintiff avers that the sheriff, based on the foregoing allegations, is directly

responsible for the neglect, carelessness and unskillfulness in the excessive and unreasonable use

of force by Jane Doe, acting on his behalf, for her exposing and violently shaking plaintiff's

breasts in search of illegal drugs, without cause, probable or otherwise, and without a search

warrant or plaintiff's permission, and in an attempt to intimidate her into admitting that she had

drugs in her possession, all done pursuant to the metro jail's said unlawful policies, customs and

practices.

126.    As a direct and proximate result of officer Hollis' refusal to call for medical

treatment of plaintiff's injured right wrist and arm, plaintiff was intentionally refused medical

treatment and officer Hollis was deliberately indifferent to plaintiff's repeated requests as

manifested in her telling plaintiff each time that she was gonna go to jail, in violation of the cruel

and unusual punishment clause of the Eighth Amendment as enforced against state actors under

the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and

in violation of Section 15 of the Alabama Constitution.

127.    As a direct and proximate result of officer Hollis handcuffing plaintiff's injured

right wrist and arm and intentionally applying the cuffs as tight as she could on plaintiff's wrists

and causing the fracture of plaintiff's right wrist by forcing plaintiff to sit in the back of her

police cruiser with her tightly handcuffed injured and fractured wrist wedged between her upper

body and the upper part of the back seat of the police cruiser, officer Hollis used excessive force

and was deliberately indifferent to plaintiff's repeated complaints about the severe pain she was

experiencing in violation of the cruel and unusual punishment clause of the Eighth Amendment

as enforced against state actors under the Fourteenth Amendment of the United States

Constitution pursuant to 42 U.S.C. § 1983, and in violation of Section 15 of the Alabama

Constitution.

128.    As a direct and proximate result of officers Hollis and Jane Doe strip searching

plaintiff, she was subjected to cruel and unusual punishment in violation of the Eighth

Amendment as enforced against state actors under the Fourteenth Amendment of the United

States Constitution pursuant to 42 U.S.C. § 1983, and in violation of Section 15 of the Alabama

Constitution.

129.    As a direct and proximate result of officer Hollis' refusal to call for medical

treatment of plaintiff's injured right wrist and arm, plaintiff was intentionally refused medical

treatment and officer Hollis was deliberately indifferent to plaintiff's repeated requests as

manifested in her telling plaintiff each time that she was gonna go to jail, plaintiff was subjected

to excessive force and an unreasonable seizure of her person in violation of the Fourth

Amendment as enforced against state actors under the Fourteenth Amendment of the United

States Constitution pursuant to 42 U.S.C. § 1983, and in violation of Section 5 of the Alabama

Constitution.

130.    As a direct and proximate result of officer Hollis' use of excessive force in

handcuffing plaintiff's injured right wrist and arm and intentionally applying the cuffs as tight as

she could on plaintiff's wrists and causing the fracture of plaintiff's right wrist by forcing plaintiff

to sit in the back of her police cruiser with her tightly handcuffed injured and fractured wrist

wedged between her upper body and the upper part of the back seat of the police cruiser,

plaintiff's liberty interest in her bodily integrity was violated and officer Hollis was deliberately

28

indifferent to plaintiff's repeated complaints about the severe pain she was experiencing and was subjected to punishment without due process in violation of the Fifth Amendment, and subjected to an unreasonable seizure of her person in violation of the Fourth Amendment, both as enforced against state actors under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and in violation of Sections 5 & 6 of the Alabama Constitution.

131.    As a direct and proximate result of officers Hollis and Jane Doe strip searching plaintiff pursuant to said policies, customs and practices, her liberty interest in her bodily integrity was violated and she was subjected to punishment without due process in violation of the Fifth Amendment, and was subjected to an unreasonable seizure of her person in violation of the Fourth Amendment, both as enforced against state actors under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and in violation of Sections 5 & 6 of the Alabama Constitution.

132.    As a direct and proximate result of the City's and metro jail's policies, customs and practices of arbitrarily strip searching all detainees and arrestees and of the City's and sheriff's failure to train properly and negligent supervision over execution of said policies, customs and practices, plaintiff was subjected to punishment without due process in violation of the Fifth Amendment, was subjected to an unreasonable seizure of her person in violation of the Fourth Amendment, and was subject to cruel and unusual punishment in violation of the Eight Amendment, each as enforced against state actors under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and in violation of Sections 5, 6 and 15 of the Alabama Constitution.

29

## COUNT XII

### (Declaratory/Injunctive Relief)

133.   Plaintiff avers that, based on the foregoing allegations, the sheriff's policies, customs and practices at metro jail to strip search all arrestees and detainees (specifically those arrested for non-misdemeanor and minor traffic offenses) upon their arrival at the jail facility, irrespective of the underlying reasons for the arrestees and detainees being there, should be declared unconstitutional under the Fourth Amendment as enforced against state actors under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and under Section 5 of the Alabama Constitution.

134.   Plaintiff avers that, based on the foregoing allegations, the sheriff's policies, customs and practices at metro jail to strip search all arrestees and detainees (specifically those arrested for non-misdemeanor and minor traffic offenses) upon their arrival at the jail facility, irrespective of the underlying reasons for the arrestees and detainees being there, should be permanently enjoined as unconstitutional under the Fourth Amendment as enforced against state actors under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and under Section 5 of the Alabama Constitution.

**Jury Demand**

135.   Plaintiff demands a trial by jury where applicable.

**Relief Requested**

   **WHEREFORE,** plaintiff hereby demands judgment against the defendants for compensatory damages, general and special, in the amount of **NINE HUNDRED THOUSAND DOLLARS ($900,000.00),** punitive damages in the amount of **THREE HUNDRED**

**THOUSAND DOLLARS ($300,000.00),** plus costs, fees and expenses of any type incurred to pursue this lawsuit, interest on any amount awarded beginning from the date of judgment, and any other relief, including the declaratory relief and permanent injunction being sought against the sheriff, that the Court deems appropriate to the circumstances of this lawsuit.

Respectfully submitted,

Angela Scott, Plaintiff, *pro se*

Angela Scott
401 W Grant Street
Chickasaw, Alabama 36611
(251) 366-8208

31

02-CV-2017-000040.00

| State of Alabama<br>Unified Judicial System<br><br>Form ARCIv-93   Rev.5/99 | COVER SHEET<br>CIRCUIT COURT – CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>C V ☐☐☐☐ ☐☐☐☐☐ - ☐☐<br>Date of Filing:          Judge Code:<br>☐☐ ☐☐ ☐☐☐☐<br>Month    Day      Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ **Mobile** _____, ALABAMA

(Name of County)

**Angela Scott** _____ v. _____ **City of Mobile**

Plaintiff                                Defendant

First Plaintiff ☑ Business ☑ Individual        First Defendant ☐ Business ☐ Individual
                ☐ Government ☐ Other                        ☐ Government ☐ Other

NATURE OF SUIT:  Select primary cause of action, by checking box (check only one) that best characterizes your action:

TORTS: PERSONAL INJURY
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

TORTS: PERSONAL INJURY
☐ TOPE - Personal Property
☐ TORE - Real Property

OTHER CIVIL FILINGS
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

OTHER CIVIL FILINGS (cont'd)
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☑ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

ORIGIN (check one):  F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER: _____
                                                DISTRICT COURT
                        R ☐ REMANDED            T ☐ TRANSFERRED FROM
                                                OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED? ☑ YES ☐ NO        Note: Checking "Yes" does not constitute a demand for a
                                                jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

RELIEF REQUESTED:  ☐ MONETARY AWARD REQUESTED        ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
☐☐☐☐☐☐
                Date                            X _Angela Scott_
                                                Signature of attorney/Party filing this form

MEDIATION REQUESTED:  ☐ YES ☐ NO ☐ UNDECIDED

251) 3668208

401 W. Grant St.
Chickasaw, AL
                    36611

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

*Angela Scott*

Plaintiff(s)

vs.

*City of Mobile et. al.*

Defendant(s)

\*
\*
\*
\*
\*
\*
\*
\*

CIVIL ACTION NO. *CV-17-40*

DATE COMPLAINT FILED *3-1-17*

ASSIGNMENT TO EXPEDIATED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)    The date the complaint was filed;

(2)    That the issues in the case have been defined and joined;

(3)    That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)    That a jury trial has or has not been demanded;

(5)    The expected length of the trial expressed in hours and/or days;

(6)    A brief description of the plaintiff's claim;

(7)    The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)    That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)    That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.   EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.     Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.     Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.     Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.     If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.     Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.     The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.   DAMAGES

a.     All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.     Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.   AGENCY-TIME AND PLACE-DUTY

a.     Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ 2nd _____ day of _March, 2017_.

_Charles A. Graddick_

Charles A. Graddick, Presiding Circuit Judge

State of Alabama
Unified Judicial System

Form C-34    Rev 6/88

# SUMMONS
# -CIVIL-

Case Number:

CV-17-40

IN THE _CIRCUIT_ COURT OF _MOBILE_ COUNTY

Plaintiff _Angela Scott_ v. Defendant _City of Mobile_
c/o Lisa C. Lambert

NOTICE TO _205 Government St. 9th floor Government Plaza Mobile Al 36644_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY._____WHOSE ADDRESS IS _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _Angela Scott_ pursuant to the Alabama Rules of Civil Procedure.

Date _3-1-17_

Clerk

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

☐ Certified Mail is hereby requested.    X _Angela Scott_
Plaintiff's Attorney's Signature

RETURN ON SERVICE: (2513668208)

☐ Return receipt of certified mail received in this office on _401 W. 6th St. Chickasaw AL 36611_

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____.
         (Date)

_____
Date

_____
Type of Process Server

_____
Server's Signature

_____
Address of Server

_____
Phone Number of Server

State of Alabama
Unified Judicial System

Form C-34    Rev 6/88

**SUMMONS**
**-CIVIL-**

Case Number

CV-17-40

IN THE ___CIRCUIT___ COURT OF ___MOBILE___ COUNTY

Plaintiff _Angela Scott_ v. Defendant _Melissa Hollis_

NOTICE TO _2460 Government St._
_Mobile AC 36606_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ WHOSE
ADDRESS IS _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _Angela Scott_
pursuant to the Alabama Rules of Civil Procedure.

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C938

Date _3-1-17_

Clerk

205 Government Street
Mobile, Alabama 36644-2936

[ ] Certified Mail is hereby requested.

_251 3668208_

X _Angela Scott_
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

_401 W. Grant St._
_Chickasaw, AC 36611_

[ ] Return receipt of certified mail received in this office on _____
_____ (Date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,

Alabama on _____
(Date)

Date _____    Server's Signature _____

Type of Process Server _____    Address of Server _____

Phone Number of Server _____

State of Alabama
Unified Judicial System

Form C-34    Rev 6/88

**SUMMONS
-CIVIL-**

Case Number

CU-17-40

IN THE ___CIRCUIT___ COURT OF ___MOBILE___ COUNTY

Plaintiff __Angela Scott__ v. Defendant __Sam Cochran__

NOTICE TO __510 S Royal St__
__Mobile AL 36603__

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____WHOSE ADDRESS IS _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of __Angela Scott__ pursuant to the Alabama Rules of Civil Procedure.

Date __3-1-17__

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

Clerk

☐ Certified Mail is hereby requested.    X __Angela Scott__
Plaintiff's/Attorney's Signature

__251) 3668208__

401 W. Grant St.
Chickasaw, AL 36611

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                              (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County,

Alabama on _____.
              (Date)

Date _____          Server's Signature _____

Type of Process Server _____   Address of Server _____

Phone Number of Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | Case Number<br><br>CV-17-40 |
|---|---|---|

IN THE ___CIRCUIT___ COURT OF ___MOBILE___ COUNTY

Plaintiff _Angela Scott_ v. Defendant _Jane Doe_

NOTICE TO _500 S Royal St_
_Mobile AL 36603_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____WHOSE ADDRESS IS _____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _Angela Scott_ pursuant to the Alabama Rules of Civil Procedure.

Date _3-1-17_

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

Clerk

[ ] Certified Mail is hereby requested.    X _Angela Scott_
_251) 3668208_                              Plaintiff's/Attorney's Signature

RETURN ON SERVICE:    _401 W. Grant St._
_Chickasaw, AL 36611_

[ ] Return receipt of certified mail received in this office on _____
                                                            (Date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County,
Alabama on _____.
              (Date)

_____          _____
Date                     Server's Signature

_____          _____
Type of Process Server   Address of Server

                         _____
                         Phone Number of Server

2017 MAR -1 1:55 CLERK CIRCUIT COURT

State of Alabama
Unified Judicial System

Form C-34    Rev 6/88

**SUMMONS**
**-CIVIL-**

Case Number

CV-17-40

IN THE _____ CIRCUIT _____ COURT OF _____ MOBILE _____ COUNTY

Plaintiff _Angela Scott_ v. Defendant _Alabama Safety Institute Inc_ ℅ Steve Scarcliff (Ex. D.)

NOTICE TO _3201 Midtown Park South Mobile AL 36606_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ WHOSE ADDRESS IS _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _Angela Scott_ pursuant to the Alabama Rules of Civil Procedure.

Date _3-1-17_

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

Clerk

☐ Certified Mail is hereby requested.

_251) 366 8208_

X _Angela Scott_
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

_401 W. Grant St. Chickasaw, AL 36611_

☐ Return receipt of certified mail received in this office on _____
(Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.
(Date)

Date _____

Type of Process Server _____

Server's Signature _____

Address of Server _____

Phone Number of Server _____

February 24, 2017

HAND DELIVERED

JoJo Schwarzauer, Clerk
Mobile County Circuit Court
205 Government Plaza, Suite 913
Mobile, Alabama 36644-2913

Re:   Filing and Service of Civil Complaint

Dear Ms. Schwarzauer:

I have enclosed the original copy and four (4) copies a civil complaint.  I am providing the costs for filing this complaint as well.

I am requesting that service of the summons/complaint be effected by the sheriff's office on the four named defendants listed in the complaint.  I am not requesting service on the defendant listed as "Jane Doe", a fictitious name, at this time.

Thank you for your time and attention given to handling this matter.

Regards,

Angela Scott, Plaintiff, *pro se*

Angela Scott
401 W Grant Street
Chickasaw, Alabama 36611
(251) 366-8208



# Mobile County Sheriff's Office

**CV 2017  000040. 00**

**ANGELA SCOTT VS CITY OF MOBILE ET AL**

**COMPLAINT-SUMMONS**

**ALABAMA SAFETY INSTITUTE INC C/O STEVE SCARCLIFF, EXEC**

**3201  MIDTOWN PARK S #MOBILE Mobile, AL 36606**

Due By:

Date Served:   03/06/2017

Service Attempt:

Action:  ☐ Service Attempt   ☒ Paper Served   ☐ Drop Deputized

No Contact:  ☐ Left Card   ☐ Other (see notes)

Not Found:  ☐ Moved - New Residence   ☐ Moved - Unknown Location   ☐ Deceased   ☐ Vacant Residence / Lot
☐ Not Employed   ☐ NIT (Not in Territory)   ☐ RWA (Recalled W/O Action)   ☐ CTO (Come to Office)
☐ Other (see notes)   ☐ No Property Found   ☐ Address Does Not Exist
☐ Subject Unknown at this Address   ☐ Not Found After Diligent Search
☐ Not Found-Too Late For Service   ☐ Not Found-Deputy Not Allowed on Property

Served To:   KAWANA BURNEY-SECRETARY          Location Served:   ☒ Listed   ☐ Other

Deputized Person:                              Location:

Notes:

☐ Avoiding Service   ☐ Deputized Person   ☐ Posted on Property   ☐ Executed   ☐ Refused Service

I certify that I personally delivered to <u>ALABAMA SAFETY INSTITUTE INC C/O STEVE SCARCLIFF, EXEC</u> on <u>03/06/2017</u> by
service on <u>KAWANA BURNEY-SECRETARY</u>

By: _____          D.S. Copy mailed to defendant on  _____

GRAHAM , JEFFERY KENT

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423                    cl24mboa



# Mobile County Sheriff's Office

## CV 2017 000040. 00

## ANGELA SCOTT VS CITY OF MOBILE ET AL

## COMPLAINT-SUMMONS

## COCHRAN, SAM

## 2451 FILLINGIM ST Mobile, AL 36617

Due By:

Date Served:    03/06/2017

Service Attempt:

Action:        ☐ Service Attempt    ☒ Paper Served    ☐ Drop Deputized

No Contact:    ☐ Left Card    ☐ Other (see notes)

Not Found:     ☐ Moved - New Residence    ☐ Moved - Unknown Location    ☐ Deceased    ☐ Vacant Residence / Lot

☐ Not Employed    ☐ NIT (Not in Territory)    ☐ RWA (Recalled W/O Action)    ☐ CTO (Come to Office)

☐ Other (see notes)    ☐ No Property Found    ☐ Address Does Not Exist

☐ Subject Unknown at this Address    ☐ Not Found After Diligent Search

☐ Not Found-Too Late For Service    ☐ Not Found-Deputy Not Allowed on Property

Served To:    PEGGY HODGE-CORONER'S SECRETARY        Location Served:    ☒ Listed    ☐ Other

Deputized Person:        Location:

Notes:

☐ Avoiding Service    ☐ Deputized Person    ☐ Posted on Property    ☐ Executed    ☐ Refused Service

I certify that I personally delivered to <u>COCHRAN SAM</u> on <u>03/06/2017</u> by service on <u>PEGGY HODGE-CORONER'S SECRETARY</u>

By:  _____    D.S. Copy mailed to defendant on    _____

GRAHAM , JEFFERY KENT

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423                cl24mboa



## Mobile County Sheriff's Office

**CV 2017 000040. 00**

**ANGELA SCOTT VS CITY OF MOBILE ET AL**

**COMPLAINT-SUMMONS**

**CITY OF MOBILE LISA C LAMBERT CITY CLERK**

**205 GOVERNMENT ST  #9TH FL Mobile, AL 36602**

Due By:

Date Served:   03/06/2017

Service Attempt:

Action:  ☐ Service Attempt   ☒ Paper Served   ☐ Drop Deputized

No Contact:  ☐ Left Card   ☐ Other (see notes)

Not Found:  ☐ Moved - New Residence   ☐ Moved - Unknown Location   ☐ Deceased   ☐ Vacant Residence / Lot

☐ Not Employed   ☐ NIT (Not in Territory)   ☐ RWA (Recalled W/O Action)   ☐ CTO (Come to Office)

☐ Other (see notes)   ☐ No Property Found   ☐ Address Does Not Exist

☐ Subject Unknown at this Address   ☐ Not Found After Diligent Search

☐ Not Found-Too Late For Service   ☐ Not Found-Deputy Not Allowed on Property

Served To:   ALISHAN SIMAN (RECEPTIONIST)         Location Served:  ☒ Listed   ☐ Other

Deputized Person:                      Location:

Notes:

☐ Avoiding Service   ☐ Deputized Person   ☐ Posted on Property   ☐ Executed   ☐ Refused Service

I certify that I personally delivered to CITY OF MOBILE LISA C LAMBERT CITY CLERK on 03/06/2017 by service on ALISHAN SIMAN (RECEPTIONIST)

By: _Christopher Williams_         D.S. Copy mailed to defendant on  _____

WILLIAMS , CHRISTOPHER

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423                 cl24mboa