IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA SCOTT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-143-CG-N |
| | ) | |
| CITY OF MOBILE, *et al.*, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant City of Mobile's ("the City") Motion to Strike, Plaintiff' Angela Scott's ("Plaintiff") Response in Opposition, and the City's Reply. (Docs. 46, 51, 57). The pending motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the record, it is **RECOMMENDED** that the City's motion to strike be **DENIED IN PART and GRANTED IN PART.**

## BACKGROUND

On April 20, 2015, Plaintiff was pulled over for a traffic violation by officers from the City of Mobile Police Department. Officers determined that there was an active warrant for Plaintiff's arrest. As a result, she was arrested, searched, and transported to Mobile County Metro Jail ("Metro"). Plaintiff has filed 42 U.S.C. § 1983 action against a number of Defendants, including members of the City of Mobile

Police Department, the City of Mobile, Alabama, Mobile County Sheriff Sam Cochran ("Sheriff Cochran"), and the Alabama Safety Institute.[1]

On July 28, 2017, the district court adopted the undersigned's Report and Recommendation, and granted the City of Mobile and Sheriff Cochran's motions to dismiss in part. The Court permitted *pro se* Plaintiff to file an amended complaint with regard to some of her claims, and she has done so. (Docs. 33, 38, 40).

Plaintiff was allowed to amend her complaint for the purpose of "properly stat[ing] a § 1983 malicious prosecution claim [Count IV] upon which relief can be granted against the City." (Docs. 33, 38).[2] However, Plaintiff was also permitted leave to amend her complaint with regard to certain allegations contained in Counts X and XI against Sheriff Cochran. (*Id*.).

In response to Plaintiff's Amended Complaint, the City has filed a motion to strike paragraphs 37-41 and 86, arguing that the amendments included in these paragraphs are "outside the scope of the malicious prosecution claim and because Plaintiff has admitted that she no longer pursues the § 1983 malicious prosecution claim against the City, any amendments to the Complaint as against the City are due to be stricken as in violation of this Court's Orders."  (Doc. 46 at 2, ¶ 4). This portion of the Amended Complaint is quoted below:

> 37. That plaintiff was subjected to similar strip searches by intake receiving officers ("IRO") immediately upon arrival at metro jail as an arrestee on or about April 20, 2015, August 14, 2013, April 19, 2012, January 10, 2010, August 5, 2003, July 31, 2003, August 1, 2002, and October 5, 2001.

---

[1] A full discussion of Plaintiff's allegations may be found in the Court's previous Report and Recommendation. (Doc. 33).

[2] Plaintiff was not permitted leave to amend her complaint with regard to any other claims against the City.

38. That the intake area within metro jail wherein these searches occurred provided no privacy and was open and in plain view of male and female arrestees/inmates who were located in adjacent areas separated only by clear glass windows and doors; and that all parts of the intake area is in plain view of the intake desk that was manned by male and female officers each time plaintiff was strip searched; and that the male officers manning the desk have the opportunity to observe and do observe females, including observing plaintiff each time, being strip searched in the intake area.

39. That on or about June 12, 1989 the City, in an agreement with Mobile County, paid for, approved and participated in the design and layout of the metro jail and it[s] intake area wherein arrestees/inmates are strip searched within the plain view of male and female inmates/arrestees and male and female jail officers.

40. That the sheriff and metro jail had in effect since June 1, 2002 a policy of permitting arrestees/inmates to be strip searched within the open intake area and that policy defined a strip search to be "the taking off or removal of clothing to search a person for weapons or contraband," and that the policy empowered IRO's with discretion to arbitrarily strip search an arrestee/inmate in the intake area based on the IRO's suspicion aroused by the arrestee's/inmate's prior criminal record as was the case with plaintiff each time she was incarcerated at metro jail.

41. That the sheriff's and metro jail's strip search policy that was conducted in the open and exposed intake area of the jail facility was a custom and practice developed since June 2002 that subjected plaintiff to humiliation and embarrassment each time she was brought into metro jail; and the sheriff required training of the IROs to conduct the unlawful strip search.

86. That the City through its participation in providing for the design, layout  and construction of the metro jail and its  intake area, and  the sheriff through  his promulgating  and enforcement of the jail's  strip search policy in the  intake area, since June 2002 combined to foment a  custom and  practice of inmates/arrestees processed into metro jail being arbitrarily  strip searched in  open and plain view of jail officers and  inmates and arrestees  of the opposite sex, including for plaintiffs multiple strip searches  alleged above  being conducted [] within the viewing of  male officers, male arrestees, and male inmates, that the sheriff and  the City knew or had to have known  was inappropriate and illegal.

(Doc. 40).

3

## MOTION TO STRIKE STANDARD

Federal Rule of Civil Procedure Rule 12(f) states that a court "may strike from a pleading ... any redundant, immaterial, or scandalous matter." Fed.R.Civ.P. 12(f). However, a motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice...." *Augustus v. Bd. of Public Instruction of Escambia Cnty. Fla.,* 306 F.2d 862, 868 (5th Cir.1962) (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953)). This standard has been interpreted to mean that a motion to strike should be denied unless the challenged allegations in the complaint "have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Royal Ins. Co. of America v. M/Y Anastasia,* 1997 WL 608722 at *3 (N.D.Fla.1997) (citing *Reyher v. Trans World Airlines, Inc.,* 881 F.Supp. 574, 576 (M.D.Fla.1995)). As phrased by Wright and Miller, "it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed.2004) (citations omitted).

Motions to strike are generally viewed with disfavor. *See Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC,* 2010 WL 5393265, at *1 (S.D.Fla. Dec. 21, 2010) in part because they "waste time by requiring judges to engage in busy work and judicial editing without addressing the merits of a party's claim," *see U.S. Bank Nat'l Ass'n v. Alliant Energy Res., Inc.,* 2009 WL 1850813, at *3 (W.D.Wis. June 26, 2009). Motions to strike will usually be denied unless the allegations have no possible

4

relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 570 (S.D.Fla.1978)(citing *Augustus v. Board of Public Instruction,* 306 F.2d 862 (5th Cir.1962)).

## ANALYSIS

The Court agrees that Plaintiff's added allegations, with regard to her malicious prosecution claim against the City, contained in paragraphs 39 and 86 exceed the bounds of the Court's instructions on amendment of that claim and are due to be **STRICKEN**. Accordingly, the undersigned **RECOMMENDS** that paragraph 39 and the portion of paragraph 86 stating "[t]hat the City through its participation in providing for the design, layout and construction of the metro jail and its intake area, and..." be **STRICKEN**. (Doc. 40 at ¶ 86).

However, the "drastic" remedy of striking paragraphs 37-38, 40-41, and all of paragraph 86 is not warranted under the circumstances. Plaintiff is proceeding *pro se,* and was ordered to amend her complaint with regard to multiple similar allegations against multiple defendants. The contents of paragraphs 37-38, 40-41, and 86 contain allegations pertaining to additional claims and to Defendants other than the City. For example, Plaintiff has raised a number of claims that her Fourth and Eighth Amendment rights were violated during her arrest and later during her booking process at Mobile County Metro Jail. The striking of these portions of the complaint, would result in the removal of certain allegations which also relate to Plaintiff's claims against Sheriff Cochran. Thus, the Court does not find that the challenged allegations "have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Royal Ins. Co. of America v. M/Y*

*Anastasia,* 1997 WL 608722 at \*3 (N.D.Fla.1997) (citing *Reyher v. Trans World Airlines, Inc.,* 881 F.Supp. 574, 576 (M.D.Fla.1995)). The City is free to raise Plaintiff's perceived non-compliance in future pleadings, however, the undersigned does not find that the motion to strike standard has been me with regard to 37-38, 40-41, and the latter portion of paragraph 86.

## CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the City's Motion to Strike (Doc. 46) be **GRANTED IN PART and DENIED IN PART** and that paragraph 39 of the Amended Complaint (Doc. 40 at ¶ 39) and the portion of paragraph 86 stating "[t]hat the City through its participation in providing for the design, layout and construction of the metro jail and its intake area, and..." be **STRICKEN**. (Doc. 40 at ¶ 86).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on un-objected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing

to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this **23rd** day of **January 2018.**

                                      */s/ Katherine P. Nelson*
                                        **KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**