IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA SCOTT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-143-CG-N |
| | ) | |
| CITY OF MOBILE, *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

This action is before the Court on two Report and Recommendations ("R&R") wherein the Magistrate Judge separately recommends that the City of Mobile's Motion to Strike be Granted in Part and Denied in Part (Doc. 80) and recommends that Defendant, Sheriff Sam Cochran's ("Cochran"), Motion to Dismiss be granted. (Doc. 81).

Plaintiff has filed a document entitled "Plaintiff's Motion for Reconsideration and Incorporated Memorandum" (Doc. 86), to the R&R dated July 5, 2017 (Doc. 33), which was adopted by this Court on July 28, 2017 (Doc. 38) in which she "moves the Court to reconsider its rulings dismissing her state and federal law claims against defendant Cochran in his official and individual capacities." (Doc. 86). Therein, Plaintiff asserts that this Court erred in adopting, not the R&R currently before this Court, but the initial R&R of the Magistrate Judge which dismissed several other of Plaintiff's claim on the grounds that Cochran was immune from suit based on both sovereign and Eleventh Amendment Immunity. (Doc. 86). Plaintiff also asserts that the current R&R (Doc. 81) should not be adopted. This Court construes

Plaintiff's motion as an objection to the pending R&R (Doc. 81) which prior to this Order, has not been adopted, and also as a motion to reconsider its adoption of the Magistrate Judge's previous R&R (Doc. 33). Plaintiff does not object to the Magistrate's R&R relating to the City of Mobile's Motion to Strike (Doc. 80).

I. **Background**

The relevant background is as follows:

On April 20, 2015, Plaintiff was pulled over for a traffic violation by officers from the City of Mobile Police Department. Officers determined that there was an active warrant for Plaintiff's arrest which resulted in her being arrested, searched, and transported to Mobile County Metro Jail ("Metro"). Plaintiff filed a 42 U.S.C. § 1983 action against a number of Defendants, including members of the City of Mobile Police Department, the City of Mobile, Alabama, Mobile County Sheriff Sam Cochran, and the Alabama Safety Institute due to her arrest and search. (Doc. 1-1).

On April 12, 2017, the City of Mobile and Sam Cochran filed Motions to Dismiss. (Docs. 15, 16). On July 5, 2017, the Magistrate Judge entered a R&R recommending dismissal of Plaintiff's state law claims and certain of her federal law claims against Cochran on the grounds of sovereign immunity and/or Eleventh Amendment Immunity, but permitted Plaintiff the opportunity to amend her Complaint as to the Counts X and XI against Cochran in order to properly state a claim against him in his individual capacity. (Doc. 33). Plaintiff did not object to the R&R and on July 28, 2017, the undersigned adopted the R&R and granted the City of Mobile's and Cochran's motions to dismiss in part. (Doc. 38). Plaintiff filed

2

an Amended Complaint as permitted on August 11, 2017. (Doc. 40). On August 21, 2017, Cochran filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 42). On January 23, 2018, the Magistrate Judge entered an R&R recommending dismissal as to Counts X and XI against Cochran based on qualified immunity. (Doc. 81). Plaintiff did not object within the allowed fourteen days, but on February 22, 2018, Plaintiff filed the instant Motion for Reconsideration and Incorporated Memorandum asserting that the Court should reconsider its adoption of the initial R&R (Doc. 33) and not adopt the most recent R&R (Doc. 81). (Doc. 86, generally).[1] On March 1, 2018, Cochran filed a Reply to Plaintiff's Motion for Reconsideration. (Doc. 87).

## II. Plaintiff's Motion to Reconsider

Plaintiff's motion states that she is seeking reconsideration as follows:

> As to the former and latter reports [R&R's], plaintiff seeks reconsideration on a narrow issue relative to the entity on whose behalf Sheriff Cochran was really acting in connection with the conduct plaintiff alleged in the amended complaint. The former reports assumed the Sheriff Cochran was acting on behalf of the State of Alabama and was therefore immune from suit on both sovereign and Eleventh [A]mendment immunity. The latter report, if the narrow issue for which plaintiff seeks reconsideration of the former report is taken into consideration, the error in considering qualified immunity defense under Rule 12(b)(6) becomes more apparent.

---

[1] To the extent that Plaintiff's filing is meant to be an objection to the previous R&R of the Magistrate Judge, the same is untimely. The record clearly reflects that Plaintiff was given fourteen days to object to the Report and Recommendation on July 5, 2017, more than seven months ago and not only did she not object, but the Report was adopted and the claims at issue were dismissed on July 28, 2017. (Doc. 38).

3

(Doc. 86 at 2).² Plaintiff does not assert that the Court's reasoning for initially dismissing Cochran was incorrect, but only asserts now that the Court's "conclusion was made without the knowledge of the contractual agreement between the sheriff, City and County [the "Agreement"] against the backdrop of Municipal Code § 46-33." (*Id*.) In that respect, Plaintiff asserts that the Agreement and § 46-33 served to alter Cochran's status from an "arm of the state" to an agent of the city, thus barring his defense of Eleventh Amendment Immunity. (*Id*. at 3). Similarly, Plaintiff argues that the Agreement and § 46-33 constituted a waiver of sovereign immunity. (*Id*. at 3-4).

The decision to grant or deny a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023–24 (11th Cir. 2000) (en banc). "In the interest of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citation

---

² Plaintiff additionally asserts that it was in error for the Magistrate Judge to consider Cochran's Motion to Dismiss based on qualified immunity grounds pursuant to 12(b)(6) "at this late stage of litigation, since he never filed an answer to the amended complaint, and after he had already filed a post discovery motion for summary judgment." (Doc. 86 at 1-2). Plaintiff has not provided any support for her position and both of the Magistrate Judge's R&Rs address the ability of a party to raise immunity on a motion to dismiss. (See Docs. 33, 81; *See also St. George v. Pinellas Cty.*, 285, F.3d 1334, 1337 (11th Cir. 2001)(en banc) ("We apply the qualified immunity defense to dismiss a complaint at the 12(b)(6) stage where (1) from the face of the complaint, (2) we must conclude that (even if a claim is otherwise sufficiently stated), (3) the law supporting the existence of that claim – given the alleged circumstances – was not already clearly established, (4) to prohibit what the government-official defendant is alleged to have done, (5) before the defendant acted.")

4

omitted). Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003). Also, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgement was issued." *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001) (citations omitted). Plaintiff has not presented evidence of an intervening change in controlling law or the availability of new evidence.[3] Therefore, this Court construes Plaintiff's motion to assert that reconsideration is necessary to correct clear error or manifest injustice.

Plaintiff's request for this Court to reconsider its previous findings is not well taken. Plaintiff did not provide this Court with the Agreement to which she refers. Nevertheless, the ordinance on which Plaintiff relies, which is only quoted in Plaintiff's Response to the City of Mobile's pending Motion for Summary Judgment (Doc. 83) and not her Motion for Reconsideration, does little to bolster Plaintiff's position. Municipal Code Section 46-33 states as follows: "The jail designated for use by the city and the municipal prisoners when therein are under the control and direction of the chief of police, who is vested with the power to prescribe and, in

---

[3] It is unknown when the Agreement was made available to Plaintiff such that she could use it to bolster her new position. Nevertheless, the city ordinance on which Plaintiff relies is not new evidence and there is no indication that it was not available to Plaintiff prior to this stage of the litigation.

5

person or by police officers, enforce rules for their conduct and discipline but rules and regulations established by him may be changed by the mayor or city council at any time." (Doc. 83 at 8). Plaintiff asserts the above language caused Cochran to become an agent of the City of Mobile because the sheriff is required by state law to operate the jail and the ordinance dictates that the chief of police maintain control over municipal prisoners. Plaintiff has not provided any legal support that a city ordinance can re-classify the status of a sheriff as set forth by state law or that, in circumstances such as those present in this action, the sheriff is acting as an agent of the city, not the state. Further, the ordinance, while describing that the chief of police is to have control over the jail designated for use by the city, does not go so far as to clearly establish that the sheriff, somehow becomes an agent of the city for purposes of immunity. As a result, Plaintiff has not shown that the Court's previous adoption of the Magistrate's R&R (Doc. 33) was in clear error or resulted in a manifest injustice. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 86) is due to be Denied.

## II.     Objection to the pending R&R

Plaintiff also objects to the more recent Report and Recommendation (Doc. 81) which recommended dismissal against Cochran on qualified immunity grounds and urges this Court to reconsider its recommendation on the premise that Cochran is, for purposes of this action, an agent of the city. It is worth noting that Plaintiff's objection is untimely as the record clearly reflects that she must object to the R&R within fourteen days of the R&R being entered, which in this action was February

6

6, 2018, sixteen days before Plaintiff filed her objection. (See Doc. 81). Nevertheless, assuming Plaintiff's objection was timely, it is still not compelling. First, Plaintiff is not contesting the validity of the Court's analysis in the R&R. Instead, Plaintiff asserts that Cochran's motion should be re-analyzed based on Plaintiff's new position that Cochran is an agent of the city. However, Plaintiff's position was not before the Magistrate prior to the R&R being entered, despite the fact that Plaintiff could have raised such a position in her response to Cochran's Motion to Dismiss the Amended Complaint and failed to do so. As a result, Plaintiff's objection is due to be overruled. Second, Plaintiff again fails to provide any legal support that Cochran's status for purposes of immunity can be altered by a city ordinance. Moreover, Plaintiff does not set forth how the Court's analysis is or would be incorrect with regard to those claims against him in his individual capacity if he were considered and agent of the city, rather than an agent of the state. Accordingly, Plaintiff fails to establish that if Cochran were ostensibly an agent of the city, rather than of the state, that he would, as a result, be subject to supervisory liability based on the facts asserted in Plaintiff's Amended Complaint rendering the Magistrate Judge's R&R (Doc. 81) flawed. As a result, Plaintiff's objection is due to be overruled.

## **CONCLUSION**

After due and proper consideration of the relevant pleadings and the issues raised, and a de novo determination of those portions of the Recommendations to which objections are made, the Recommendations of the Magistrate Judge made

under 28 U.S.C. § 636(b)(1)(B) and dated January 23, 2018 (Docs. 80 & 81) are adopted as the opinion of this Court.

It is **ORDERED** that Defendant, City of Mobile's Motion to Strike is **DENIED IN PART** and **GRANTED IN PART** and that paragraph 39 of the Amended Complaint (Doc. 40 at ¶ 39) and the portion of paragraph 86 stating "[t]hat the City through its participation in providing for the design, layout and construction of the metro jail and its intake area, and..." is **STRICKEN**. (Doc. 40 at ¶ 86).

It is further **ORDERED** that Cochran's Motion to Dismiss (Doc. 42) is **GRANTED**, and that both remaining claims against him are **DISMISSED**. It is further **ORDERED**, Plaintiff's Motion for Reconsideration (Doc. 86) is **DENIED**.

**DONE and ORDERED** this 6th day of March, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE